**IN THE COURT OF APPEALS OF IOWA**

No. 21-1036
Filed October 6, 2021

**IN THE INTEREST OF K.M., P.B., and N.B.,**
**Minor Children,**

**T.B., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Linn County, Carrie K. Bryner, District Associate Judge.

A mother appeals the termination of her parental rights.  **AFFIRMED.**

Deborah M. Skelton, Walford, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Julie Trachta of Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MAY, Judge.**

A mother appeals the termination of her parental rights to her three children, K.M.; P.B.; and N.B.[1]  On appeal, the mother challenges (1) the statutory grounds authorizing termination, (2) whether termination is in the children's best interests, and (3) whether her bond with the children should preclude termination.[2]  We affirm.

We review termination proceedings de novo.  *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020).  "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination.  Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence."  *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights.  *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).  We consider: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination.  *Id.* at 472–73.

The mother challenges the statutory grounds authorizing termination.  The juvenile court found the statutory grounds under Iowa Code section 232.116(1)(f) (2021) satisfied.  Paragraph (f) authorizes termination when:

---

[1] The children's respective fathers' rights were also terminated.  The fathers do not appeal.

[2] The mother makes a passing request for additional time to work toward reunification.  However, she does not develop any supporting argument.  So this claim is waived.  *See In re A.D.*, No. 20-1192, 2020 WL 7022393, at *3 n.5 (Iowa Ct. App. Nov. 30, 2020).

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve months of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(f). The mother limits her challenge to the fourth element, whether the children could be returned to her care. This element is satisfied when the State establishes the children cannot be safely returned to the parent at the time of the termination hearing. *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020).

We conclude the children could not be safely returned to the mother. The mother has unresolved substance-abuse issues. When this case began, hair stat testing of the mother and P.B. was positive for methamphetamine.[3] At the termination hearing, the mother claimed it had "been weeks" since she last used methamphetamine, which we do not consider to be a sustained period of sobriety. The mother was provided with fifty opportunities to drug test over the life of this case; she missed each one. We presume the missed tests would have been positive for illegal substances. *See In re J.D.*, No. 21-0391, 2021 WL 3379037, at *1 (Iowa Ct. App. Aug. 4, 2021) (collecting cases). And the mother has not completed any substance-abuse treatment, though she claimed she intended to enter treatment the day of the termination hearing. So we think the mother's methamphetamine use is likely to continue. And "[a] parent's methamphetamine

---

[3] K.M. and N.B. did not have long enough hair to test.

use, in itself, creates a dangerous environment for children." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020). So the children cannot safely return to the mother's care.

The first step in our analysis is satisfied, and we move to the next.

Our next step centers on the children's best interests. *See* Iowa Code § 232.116(2). We "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41 (citation omitted).

We conclude termination is in the children's best interests. The children need and deserve stability and permanency. Yet the mother's life is filled with instability. She is essentially homeless, sometimes staying with an abusive paramour or "sometimes she's surfing other friends' couches." And, as already mentioned, she struggles with methamphetamine use. So the mother cannot provide the stability the children require. Conversely, the children's maternal grandmother, their current placement, provides them with the stability they need. They look to her for their parental needs. And she is willing to adopt the children. *See* Iowa Code § 232.116(2)(b). But before the children can achieve permanency through adoption, termination must occur. So we conclude termination is in the children's best interests, and the second step in our analysis is complete.

Finally, we consider whether to apply a section 232.116(3) exception to termination. Section 232.116(3) exceptions are permissive, not mandatory. *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). And the burden of establishing a section 232.116(3) exception rests with the parent. *See A.S.*, 906 N.W.2d at 476.

The mother urges termination should not occur because of her close bond with the children. Section 232.116(3)(c) authorizes the court to forgo termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." It is true the children are bonded to the mother. But it is not a healthy bond. The children try to intervene in adult situations to protect or defend the mother. Indeed, the mother describes the oldest, K.M., as her "best friend" and "little protector." But K.M., who was just seven years old at the time of the termination hearing, should not carry the burden of protecting his mother. These unhealthy bonds should not continue. So we decline to apply section 232.116(3)(c) here. And we affirm the termination of the mother's parental rights.

**AFFIRMED.**